IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hattie P. Hall, | Case No.: 8:23-cv-04949-JD-JDA |
| Plaintiff, | |
| vs. | |
| | **ORDER AND OPINION** |
| Pinnacle Credit Services, LLC, | |
| Defendant. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) Plaintiff Hattie P. Hall ("Plaintiff" or "Hall"), proceeding *pro se*, brought this action against Defendant Pinnacle Credit Services, LLC ("Defendant" or "Pinnacle"),[2] alleging the "statu[t]e of limitations of debt collection is well past 20 years old" and seeking removal of judgment liens against the property at 1200 Travis Road, Anderson, South Carolina 29626. (DE 1, p. 5.)

Plaintiff commenced this action by filing a Complaint on the standard form (DE 1) along with supporting documents (DE 1-1). However, Plaintiff did not complete Section II of the Complaint form regarding the "Basis for Jurisdiction." (DE 1, p. 3.) Plaintiff also filed a Form AO 240 Application to Proceed in District Court without Prepaying Fees or Costs, which is construed as a motion for leave to proceed *in forma pauperis* ("IFP Motion"). (DE 3.) However,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Although Plaintiff appears to have inadvertently listed Pinnacle as the Plaintiff on the Complaint form (DE 1, p.1), the Clerk opened the case and listed Pinnacle as the Defendant.

Plaintiff did not fully complete or sign the IFP Motion. (Id.) Plaintiff also filed a proposed summons form, but that form is also incomplete. (DE 4.) Finally, Plaintiff filed answers to Rule 26.01 interrogatories, but that document is also unsigned. (DE 5.)

Accordingly, by Order dated October 6, 2023, Plaintiff was directed to provide the necessary information and paperwork to bring this case into proper form for further evaluation and possible service of process. (DE 8.) Specifically, under General Order In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), Plaintiff was directed to complete and return her Complaint; complete, sign, and return her IFP motion; submit properly completed service documents, including a summons form and Form USM 285; and submit fully completed and signed pro se party's answers to the Court's special interrogatories.[3] (Id. at 2–3.) Plaintiff was warned that failure to provide the necessary information and paperwork by October 27, 2023, may subject the case to dismissal. The Order also advised Plaintiff of her duty to always keep the Court informed as to her current address. (Id. at 4.) The Order was mailed to Plaintiff at the address she provided to the Court (DE 9), and it has not been returned to the Court as undeliverable. Accordingly, Plaintiff is presumed to have received the Order.

The Report was issued on November 14, 2023, recommending Plaintiff's case be dismissed for failure to prosecute and to comply with this Court's orders. Plaintiff has not filed an objection to the report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face

---

[3] The Court issued special interrogatories to Plaintiff to better understand the nature of her claims and the facts underlying those claims. (DE 9.)

of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 11) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* (DE 3) is denied, and this action is dismissed without issuance and service of process pursuant to Rule 41(b) for failure to prosecute and comply with a Court Order.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
December 28, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.